EDWARD A. DUFRESNE, JR., Chief Judge.
 

 | ¡.This is defendant’s second appeal. For the reasons that follow, we remand the matter for an evidentiary hearing in accordance with this Court’s directive in defendant’s original appeal,
 
 State v. Mathieu,
 
 06-946 (La.App. 5 Cir. 5/29/07), 960 So.2d 296,
 
 writ denied,
 
 07-1424 (La.2/1/08), 976 So.2d 714.
 

 On June 13, 2006, a twelve-person jury found defendant guilty of second degree kidnapping, a violation of LSA-R.S. 14:44.1. Thereafter, on June 29, 2006, the trial court sentenced defendant to thirty years at hard labor, with the first two years of the sentence to be served without benefit of parole, probation, or suspension of sentence. Defendant appealed this conviction and sentence.
 

 In his original appeal, defendant argued that the trial court erred in permitting him to represent himself and that the sentence imposed was excessive. On May 29, 2007, this Court conditionally affirmed defendant’s conviction and sentence and remanded the case for an evidentiary hearing, stating as follows:
 

 | S[A] final determination of the appeal is pretermitted, and the case is remanded to the trial court to conduct an evidentiary hearing to determine whether the defendant made a clear and unequivocal request to represent himself and, if so, whether the trial court made sufficient inquiries into the defendant’s competency before accepting the defendant’s waiver of counsel as knowing and intelligent.
 

 If the evidence shows that defendant did not make a valid waiver of his right to counsel, the district court must set aside his conviction and sentence and grant him a new trial. If, after the hearing, defendant is found to have validly waived his right to counsel, defendant may appeal from any adverse ruling on the waiver issue. In the absence of such an appeal, defendant’s conviction and sentence will be affirmed.
 

 State v. Mathieu,
 
 960 So.2d at 310
 

 On August 23, 2007, pursuant to this Court’s directive, Judge Liljeberg, the same judge who presided over defendant’s trial, conducted an evidentiary hearing. At the hearing, both defendant and William Doyle, the IDB attorney who assisted defendant during trial, testified. After considering the testimony of these witnesses and the arguments of counsel, the trial judge concluded that defendant made a clear and unequivocal request to repre
 
 *633
 
 sent himself and further concluded that defendant was competent to represent himself. However, this evidentiary hearing was subsequently rendered moot pursuant to an order of recusal and transfer signed by Judge Liljeberg on August 27, 2007. That order provided, in part, as follows:
 

 As provided for under Louisiana Code of Criminal Procedure Article 671, and under the Twenty-Fourth Judicial District Rules of Court, this Court voluntarily recuses itself from the evidentiary hearing because this Court may be a witness regarding the Court’s inquiries into the defendant’s competency to waive counsel. As a result, the Court feels that it is in the best interest of all parties that this matter be re-allotted to another division to conduct the eviden-tiary hearing. Therefore;
 

 IT IS ORDERED that the above entitled and captioned matter be re-allotted to another division of the Twenty-Fourth Judicial District Court in and for the Parish of Jefferson for purposes of the evidentiary hearing ordered by the Louisiana Fifth Circuit Court of Appeals.
 

 |4Pursuant to the recusal, the matter was transferred to another division of court for purposes of responding to this Court’s remand order. On June 6, 2008, another hearing was conducted. At the June 6 hearing, no witnesses testified and no evidence was introduced by either the State or the defense. Rather, the trial judge ruled after listening to arguments of counsel.
 

 At the hearing, the State asserted that its evidence consisted of the transcripts that it had previously submitted to the court, including transcripts from the trial, the pretrial hearings, and the post trial evidentiary hearing that took place on August 23, 2007.
 
 [1]
 
 The State argued that based on the transcripts provided to the Court, it was clear that defendant knowingly and intelligently waived his right to counsel. The State commented that the trial judge had the opportunity to observe the educational level, intelligence, and competency of defendant, and further noted that defendant had the assistance of IDB counsel throughout the entire trial. In response to the State’s argument, defendant noted that neither he nor his trial counsel filed a written or oral motion requesting that defendant be allowed to represent himself before trial. In fact, prior to the commencement of trial, defendant informed the court that he had no problem with his representation; defendant merely wanted to assist counsel and ask questions of some of the witnesses. Defense counsel argued that this showed that defendant’s request to represent himself was not clear and unequivocal, and therefore, there was no direct or valid waiver. Defense counsel further argued that the trial judge did not sufficiently inquire into whether defendant knowingly and intelligently waived his right to counsel.
 

 After considering the arguments of counsel as well as the transcripts provided by the State, the trial court issued a written judgment which it had |Rpreviously prepared. In the judgment, the court concluded that defendant’s waiver of counsel was made knowingly, intelligently, and voluntarily after sufficient inquiry into defendant’s competency by Judge Liljeberg. It is from this ruling that defendant now appeals.
 

 In his second appeal, defendant raises the exact same argument regarding his self-representation that he raised and this
 
 *634
 
 Court reviewed in his previous appeal. Specifically, defendant asserts that the trial court erred in allowing him to represent himself, and further that the trial court failed to conduct a reasonable inquiry to establish on the record a knowing and intelligent waiver of counsel under the overall circumstances. Defendant claims that a remand for another evidentiary hearing is warranted because the trial judge, at the June 6, 2008 hearing, did not comply with this Court’s directive. In the appellate brief, defendant argues that rather than developing new evidence sufficient to determine the issues set forth by this Court, the trial judge merely looked at the record that this Court previously found to be inadequate for such a determination. We agree -with defendant that another remand is warranted.
 

 We first note that the June 6, 2008 judgment does not address the issue of whether defendant made a clear and unequivocal request to the trial court either personally or through his trial counsel to represent himself. Furthermore, it is impossible to determine upon what documents the trial judge based his ruling. As noted previously, although the state provided the court with some transcripts, they were never introduced into evidence at the hearing. From the trial judge’s reasons for judgment, we know that he relied in part on some of the transcripts that this Court previously found insufficient to determine the issues relating to defendant’s self-representation. Moreover, the judge who conducted the second evidentiary hearing stated that he had not read or relied upon the first evidentiary hearing | ^transcript in rendering the June 6, 2008 judgment because there was a pending recusal when the previous hearing was conducted.
 

 For these reasons, we once again remand the case and order the trial court to conduct an evidentiary hearing to determine whether defendant made a clear and .unequivocal request to represent himself, and if so, whether the trial court made sufficient inquiries into defendant’s competency before accepting his waiver of counsel as knowing and intelligent. If the evidence shows that defendant did not make a valid waiver of his right to counsel, the district court must set aside his conviction and sentence and grant him a new trial. If, after the hearing, defendant is found to have validly waived his right to counsel, defendant may appeal from any adverse ruling on the waiver issue. In the absence of such an appeal, defendant’s conviction and sentence will be affirmed.
 

 MATTER REMANDED FOR EVI-DENTIARY HEARING.
 

 [1]
 

 . A minute entry from May 8, 2008, indicates that the Assistant District Attorney presented the court with copies of transcripts for the court to review.