SUSAN M. CHEHARDY, Judge.
|2In defendant’s third appeal to this Court, he again seeks reversal of his conviction and sentence on the basis that he did not validly waive his constitutional right to counsel. Based on the following, we agree.

Procedural History

On October 31, 2005, the Jefferson Parish District Attorney’s Office filed a bill of information charging defendant, John W. Mathieu, with the second degree kidnapping of his estranged wife, Terry Mathieu, a violation of La. R.S. 14:44.1. State v. Mathieu, 06-946 (La.App. 5 Cir. 5/29/07), 960 So.2d 296, 298, writ denied, 07-1424 (La.2/1/08), 976 So.2d 714. (Mathieu I). At arraignment, defendant pled not guilty. Thereafter, defendant filed motions to quash and to dismiss, which were both denied. Id.
On June 13, 2006, a twelve-person jury found defendant guilty as charged after a two-day trial. Id. at 299. Defendant filed a pro se motion for post-verdict judgment of acquittal and a pro se amended motion for post-verdict judgment of acquittal, both of which were denied by the trial court. Id. On June 29, 2006, defendant was sentenced to 30 years imprisonment at hard labor, with the first two | ¿years of the sentence to be served without benefit of parole, probation, or suspension of sentence, to run concurrently with any other sentence. Id. Defendant objected to his sentence and filed a timely motion for appeal of his conviction and sentence, which was granted. Id. at 299. Thereafter, defendant filed a motion to reconsider sentence, which was denied. Id.
Defendant appealed his conviction and sentence with this Court, arguing that the trial court erred in permitting him to represent himself and that the sentence imposed was excessive. On May 29, 2007, this Court conditionally affirmed defendant’s conviction and sentence, but found a potential issue with defendant’s waiver of trial counsel. This Court, therefore, remanded for an evidentiary hearing on whether defendant made a clear and unequivocal request to represent himself and, if so, whether the trial court made sufficient inquiries into defendant’s competency before accepting the defendant’s waiver of counsel as knowing and intelligent. Mathieu I at 298, 302, 307-08, 310.
The Mathieu I court explained that, if the evidence showed that defendant did not make a valid waiver of his right to counsel, the district court had to set aside his conviction and sentence and grant him a new trial. Alternatively, if after the hearing, the trial judge found that defendant validly waived his right to counsel, defendant could appeal from an adverse ruling on the waiver issue. Id. at 308, 310. Thereafter, the Louisiana Supreme Court denied writs in the matter. State ex rel. Mathieu v. State, 07-1424 (La.2/1/08), 976 So.2d 714.
On August 23, 2007, pursuant to this Court’s directive, the judge who presided over defendant’s trial conducted an eviden-tiary hearing. At the hearing, both defendant and William Doyle, the IDB attorney who assisted defendant during trial, testified. State v. Mathieu, 08-747 (La.App. 5 Cir. 1/27/09), 8 So.3d 631, 632 (Mathieu II). After considering the testimony of these witnesses and the |4arguments of counsel, the trial judge concluded that defendant made a clear and unequivocal request to represent himself and further *437 concluded that defendant was competent to represent himself. Mathieu II, 8 So.3d at 632-33. However, this evidentiary hearing was subsequently rendered moot pursuant to an order of recusal and transfer signed by that judge on August 27, 2007. Mathieu, II, 8 So.3d at 633. That Order provided, in part, as follows:
As provided for under Louisiana Code of Criminal Procedure Article 671, and under the Twenty-Fourth Judicial District Rules of Court, this Court voluntarily recuses itself from the evidentiary hearing because this Court may be a witness regarding the Court’s inquiries into the defendant’s competency to waive counsel. As a result, the Court feels that it is in the best interest of all parties that this matter be re-allotted to another division to conduct the evidentiary hearing. Therefore;
IT IS ORDERED that the above entitled and captioned matter be re-allotted to another division of the Twenty-Fourth Judicial District Court in and for the Parish of Jefferson for purposes of the evidentiary hearing ordered by the Louisiana Fifth Circuit Court of Appeals[sic].
Mathieu II, 8 So.3d at 633.
Pursuant to the recusal Order, defendant’s case was transferred to another division of court so a second trial judge could conduct an evidentiary hearing on the waiver issue. Mathieu II, 8 So.3d at 633. On June 6, 2008, the second evidentiary hearing was held. However, neither the State nor the defense called any witnesses to testify nor introduced any evidence. Rather, the trial judge ruled after listening to arguments of counsel. Mathieu, 8 So.3d at 633.
At that hearing, the State asserted that the evidence that it could produce were transcripts that it had previously submitted to the court, including transcripts from the trial, the pretrial hearings, and the post-trial evidentiary hearing that took place on August 23, 2007. The State argued that, based on those transcripts, the defendant knowingly and intelligently waived his right to counsel. Id. The State commented that the trial judge had the opportunity to observe the educational |filevel, intelligence, and competency of defendant, and further noted that defendant had the assistance of IDB counsel throughout the entire trial. Id.
In response to the State’s argument, defendant noted that neither he nor his trial counsel filed a written or oral motion before trial requesting that defendant be allowed to represent himself at trial. In fact, prior to the commencement of trial, defendant informed the court that he had no problem with his representation; defendant merely wanted to assist counsel and ask questions of some of the witnesses. Id. Defense counsel argued that this showed that defendant’s request to represent himself was not clear and unequivocal, and therefore, there was no direct or valid waiver. Defense counsel further argued that the trial judge did not sufficiently inquire into whether defendant knowingly and intelligently waived his right to counsel. Id.
Thereafter, by written judgment, the trial court concluded that defendant’s waiver of counsel was made knowingly, intelligently, and voluntarily after sufficient inquiry into defendant’s competency by the trial judge. Mathieu II, 8 So.3d at 633. Defendant sought relief from this judgment-by appealing to this Court. Mathieu II, 8 So.3d at 633.
In his second appeal, defendant again argued that the trial court erred in allowing him to represent himself. Mathieu II, 8 So.3d at 633-34. Defendant further asserted that the trial court again failed to conduct a reasonable inquiry to establish *438 on the record a knowing and intelligent waiver of counsel under the overall circumstances. Mathieu II, 8 So.3d at 634. Defendant claimed that a remand for another evidentiary hearing was warranted because the June 6, 2008 evidentiary hearing did not comply with this Court s remand order. Specifically, defendant alleged that, rather than developing new evidence sufficient to determine_[^the issues set forth by this Court, the trial judge merely looked at the record that this Court previously found to be inadequate for such a determination. Id.
This Court agreed. Further, this Court again remanded and ordered the trial court to conduct an evidentiary hearing to determine whether defendant made a clear and unequivocal request to represent himself, and if so, whether the trial court made sufficient inquiries into defendant’s competency before accepting his waiver of counsel as knowing and intelligent. Mathieu II, 8 So.3d at 634.
Thereafter, on May 11, 2009, Judge Robert Pitre held an evidentiary hearing on the waiver issue. Defendant was not called to testify at this hearing. At the conclusion of the evidentiary hearing, the trial judge denied relief, stating that he was denying post conviction relief. Defendant filed a motion for appeal on May 13, 2009, which the trial judge granted.[1] Thus, defendant’s third appeal is before this Court.

FACTS

The facts of this case were set forth fully by this Court in its opinion involving defendant’s first appeal, Mathieu I, 960 So.2d at 299-302.

DISCUSSION

in his counseled assignment of er-r0r, defendant argues the trial court erred jn allowing him to represent himself because there was no evidence of a clear and unequivocal request to represent himself nor ⅛⅛1 court make sufficient inquiries into defendant’s competency to Waive his right to counsel. He contends judge failed to advise him of the nature of the charges, the penalty range, ionc¡ ⅛6 ¿angers and disadvantages of self-representation. He also contends the judge failed to inquire about his age, education, and mental condition.
The State responds that, on June 12, 2006, defendant’s appointed lawyer proffered on the record that the trial judge had previously granted defendant’s motion to represent himself and that he had discussed the matter with defendant numerous times. The State further contends that also on this date the trial judge addressed defendant, discussed the dangers of representing himself against an experienced attorney, discussed the implications of the Rules of Evidence, and advised defendant against self-representation. Although the State concedes that according to the June 12, 2006 transcript the trial judge did not inquire into defendant’s age or education, it provides that the colloquy taken as a whole is sufficient to establish a valid and intelligent waiver of defendant’s right to counsel. The State also contends that the pro se pleadings filed by defendant suggest that he was well aware of the nature and penalty range of the charges.
The State argues that although the record does not contain defendant’s motion or *439 the ruling regarding the court’s granting the defendant’s motion to represent himself, it does not mean that defendant failed to file a motion or that the court did not grant the motion. The State concludes the record is incomplete.
The State contends that even if the record is missing the trial court’s initial granting of defendant’s motion to represent himself, the June 12, 2006 colloquy between the trial judge and defendant prior to trial is sufficient to satisfy the criteria set forth in Faretta.[2] The State argues that, even if the trial judge did not specifically inquire into defendant’s competency, age, and educational background in the colloquy at the beginning of trial, a review of the record revealed that the trial judge was aware of these factors from the judge’s previous interactions with Isdefendant, from defendant’s pro se filings, and from the introduction of evidence at the pre-trial hearings. The State concludes that the court did not err in holding that defendant made an intelligent and knowing waiver of his right to counsel and that the trial judge made sufficient inquiries into defendant’s competency prior to accepting his waiver of counsel.
The Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution give a defendant the right to counsel as well as the right to defend himself. State v. Brooks, 452 So.2d 149, 155 (La.1984) (on rehearing); State v. Berry, 08-151 (La.App. 5 Cir. 6/19/08), 989 So.2d 120, 127, writ denied, 08-1660 (La.4/3/09), 6 So.3d 767. An accused has the right to choose between the right to counsel and the right to self-representation. State v. Bridgewater, 00-1529 (La.1/15/02), 823 So.2d 877, 894, cert. denied, 537 U.S. 1227, 123 S.Ct. 1266, 154 L.Ed.2d 1089 (2003).
A defendant may elect to represent himself if the choice is knowingly and intelligently made and the assertion of the right is clear and unequivocal. State v. Campbell, 06-0286 (La.5/21/08), 983 So.2d 810, cert. denied, — U.S.-, 129 S.Ct. 607, 172 L.Ed.2d 471 (2008) (citing U.S. Const. Sixth Amendment; La. Const, art. I, § 13; Faretta, 422 U.S. at 835, 95 S.Ct. at 2541; State v. Hegwood, 345 So.2d 1179, 1181-82 (La.1977)). The right to counsel may be waived, but the accused must know of the right and intentionally relinquish the right. See Faretta, supra.
In accepting a waiver of counsel, the trial court should advise the defendant of the nature of the charges, the penalty range for the charges, and the dangers and disadvantages of self-representation, such as the failure to recognize objections to inadmissible evidence and the inability to adhere to technical rules governing trials. State v. Bruce, 03-918 (La.App. 5 Cir. 12/30/03), 864 So.2d 854, 857. In 19addition, the court should inquire into the defendant’s age, education and mental con'dition, and should determine according to the totality of circumstances whether the accused understands the significance of the waiver. Id.
Whether a defendant has knowingly, intelligently, and unequivocally asserted the right to self-representation must be determined on a case-by-case basis, considering the facts and circumstances of each case. State v. Leger, 05-0011 (La.7/10/06), 936 So.2d 108, 147-48, cert. denied, 549 U.S. 1221, 127 S.Ct. 1279, 167 L.Ed.2d 100 (2007). Requests that vacillate between self-representation and representation by counsel are equivocal. Id. at 147 (quotation omitted).
*440 Courts must indulge in every reasonable presumption against a waiver of counsel. State v. LaGarde, 07-288 (La.App. 5 Cir. 10/30/07) 970 So.2d 1111, 1119. The trial court is given much discretion in determining whether the defendant’s waiver was knowing and intelligent. Id. at 1120. An appellate court should not reverse the trial court ruling absent an abuse of its discretion. Id. The failure of a trial court to secure a valid waiver of counsel constitutes reversible error. State v. Bruce, 864 So.2d at 857.
In our opinion on defendant’s first appeal, this Court noted:
The record reveals that the defendant was allowed to represent himself with the assistance of appointed counsel.^ The record does not contain any written motion by the defendant requesting to represent himself with or without the assistance of counsel, nor does it contain a ruling from the trial judge granting such a request. Similarly, the minute entries do not show that the issue of waiver of counsel was addressed at a pretrial hearing.
Nevertheless, the record is replete with pleadings filed by the defendant pro se, as well as pleadings filed by his appointed counsel. The minute entry for the first day of trial (June 12, 2006) states: “Previously the Court granted the pro se motion for the Defendant to represent himself. William Doyle will assist.” The defendant’s desire to represent himself was discussed by his appointed counsel, the trial judge, and the defendant prior to commencement of the proceedings on both the first and second days of trial. The defendant conducted Imcross examination of most of the witnesses, and also made his own closing argument.
Mathieu I, 960 So.2d at 302-03. This Court, which ordered the case remanded back to the district court for an evidentia-ry hearing, found:
It is impossible to discern from the record whether the trial court’s inquiry was sufficient to determine whether the defendant’s request to represent himself was clear and unequivocal and whether the defendant’s competence to waive his right was knowing and intelligent. Nor can it be discerned whether the trial court’s previous interactions with the defendant allowed the court to ascertain the defendant’s mental and educational background, as argued by the State.
Mathieu I at 304-07.
In our opinion regarding defendant’s second appeal, this Court agreed that another remand was warranted and provided the following:
We first note that the June 6, 2008 judgment does not address the issue of whether defendant made a clear and unequivocal request to the trial court either personally or through his trial counsel to represent himself. Furthermore, it is impossible to determine upon what documents the trial judge based his ruling. As noted previously, although the state provided the court with some transcripts, they were never introduced into evidence at the hearing. From the trial judge’s reasons for judgment, we know that he relied in part on some of the transcripts that this Court previously found insufficient to determine the issues relating to defendant’s self-representation. Moreover, the judge who conducted the second eviden-tiary hearing stated that he had not read or relied upon the first evidentiary hearing transcript in rendering the June 6, 2008 judgment because there was a pending recusal when the previous hearing was conducted.
For these reasons, we once again remand the case and order the trial court *441 to conduct an evidentiary hearing to determine whether defendant made a clear and unequivocal request to represent himself, and if so, whether the trial court made sufficient inquiries into defendant’s competency before accepting his waiver of counsel as knowing and intelligent. If the evidence shows that defendant did not make a valid waiver of his right to counsel, the district court must set aside his conviction and sentence and grant him a new trial. If, after the hearing, defendant is found to have validly waived his right to counsel, defendant may appeal from any adverse ruling on the waiver issue. In the absence of such an appeal, defendant’s conviction and sentence will be affirmed.
Mathieu II, 8 So.3d at 634.
| T1 Clearly, we have previously found that the record in defendant’s first and second appeals failed to demonstrate two events: first, that the defendant made a clear and unequivocal request to represent himself; and, second, that the trial court adequately inquired into defendant’s competency to waive before accepting his waiver of counsel. Mathieu I, 960 So.2d at 298, 310; Mathieu II, 8 So.3d at 634. Accordingly, the sole question before us in defendant’s third appeal is whether the evidence produced at the May 11, 2009 evidentiary hearing supports the finding that defendant asserted an unequivocal request to represent himself and that said waiver was knowingly and intelligently made. We find that it did not.
On May 11, 2009, the sole witness that testified at the evidentiary hearing on defendant’s waiver of his right to counsel was the trial judge who presided over his case in district court. Also, the State presented the following evidence: transcripts from February 2, 2006, March 30, 2006, April 11, 2006, April 27, 2006, May 1, 2006, and August 23, 2007; a copy of defendant’s letter and pro se filings; and the June 12, 2006 transcript. At the close of the hearing, the ruling judge concluded:
Based on the totality of the circumstances, and not only just the transcripts, but the, fact that Mr. Doyle was appointed and sat through the whole trial with him, plus the fact that [the trial judge] was satisfied that with all the pleadings that Mr. Mathieu filed, and the fact that he represented himself in another case, I’m going to go ahead and deny his post conviction relief.
First, the record still fails to contain any motion by defendant requesting to represent himself, with or without assistance of counsel, or a ruling granting such a request. At the May 11, 2009 evidentiary hearing, the original trial judge admitted that there was no motion in the record from defendant to represent himself. He agreed that it looked like defendant did not indicate that he wanted to represent himself prior to the first day of trial.
112Further, the “evidence” presented was pro se filings and discussions at trial, which this Court has twice considered insufficient proof of a request for a waiver. The failure by the trial court to secure a valid waiver of counsel constitutes reversible error. See State v. Wisenbaker, 428 So.2d 790, 794 (La.1983) (“Because the record does not reflect a knowing and intelligent waiver of counsel or conduct by defendant which amounts to a waiver, defendant’s conviction must be reversed and the case remanded for a new trial.”).
Furthermore, since the hearing did not reveal a request for a waiver on the record, we do not even reach whether the trial judge made sufficient inquiries to assure that the waiver was knowingly and intelligently made. Moreover, because we have found reversible error, we pretermit discussion of further assignments of error.
*442 Accordingly, defendant’s felony conviction and sentence are reversed. This matter is remanded for a new trial.

ERROR PATENT DISCUSSION

The current record was reviewed for errors patent, according to La.C.Cr.P. art. 920.[3] Defendant is not entitled to a second (or third) review of the entire record.[4] We have, therefore, reviewed only the transcript of the evidentiary hearing conducted on May 11, 2009. Our review of this hearing revealed no errors patent.

CONVICTION AND SENTENCE REVERSED; NEW TRAIL GRANTED.

. On May 26, 2009, defendant filed a motion for new trial, alleging that the State failed to meet the burden of proving that defendant made a knowing, intelligent, clear, and unequivocal request to represent himself. Also on this date, defendant filed a request for rehearing of the evidentiary hearing and requested that Judge Pitre voluntarily recuse himself. The trial court, finding that it was divested of jurisdiction upon the entry of the order of appeal, denied both on June 2, 2009.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).

. See State v. Taylor, 01-452, p. 10 (La.App. 5 Cir. 11/14/01), 802 So.2d 779, 783, writ denied, 01-3326 (La.1/10/03), 834 So.2d 426.